Victor Young, Plaintiff in Error, v. County of Cook and Civil Service Commission of Cook County, Illinois, Defendants in Error.

Gen. No. 21,053.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 18, 1916. Rehearing denied October 30, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Petition by Victor Young, petitioner, against the County of Cook and Civil Service Commission of Cook County, Illinois, defendants, for a rule upon the defendants to show cause why they should not be punished for contempt for failure to comply with a writ of mandamus commanding them to place the petitioner's name upon the roster of the assistant county agents of Cook county, etc. To review an order discharging the rule, the petitioner prosecutes a writ of error.

A. D. GASH, for plaintiff in error.

MACLAY HOYNE, for defendants in error; MARVIN E. BARNHART and ERNST BUEHLER, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

CIVIL SERVICE, § 30*—*when reinstated assistant county agent not entitled to position of first assistant.* Where, in obedience to a writ of mandamus, the petitioner was reinstated as assistant county agent and subsequently, as the result of an examination, an assistant other than the petitioner, receiving the highest mark, was certified by the civil service commission to the position of first assistant, *held* that though the petitioner, prior to his unlawful discharge, had performed duties subsequently performed by the first assistant so appointed, a rule on the defendants to show cause why they should not be punished for contempt for not reinstating the petitioner as first assistant was properly discharged, since the examination which the petitioner originally took was for the performance of the duties of superintendent of substations and not for a general supervisory position, and it was clearly within the power of the civil service commission to reclassify and regrade the positions of assistant county agents to provide for the position of first assistant county agent.